## Nicholas Mayerus

*v.*

## Leonhart Hoscheid.

Application of familiar rule as to requisites of an answer setting up the pendency of another action in abatement.

The facts set up in the second defense in this action do not show that under Secs. 71 and 72, page 541, Pub. Stat., it cannot be maintained, because the cause of action is connected with the subject of another pending action instituted by the present defendant against the plaintiff.

This action was brought in the Scott County District Court, for the taking and conversion of certain personal property. The answer attempted to set up two defenses; to the second the plaintiff demurred, and the demurrer was overruled; from the order overruling the same, the plaintiff appeals to this Court. A sufficient statement of the case appears in the opinion of the Court.

HENRY HINDS, for appellant.

J. L. MACDONALD, for respondent.

*By the Court*—BERRY, J.—This action is brought for the taking and conversion of one hundred and seventy-two bushels of wheat. The answer sets up as a second defense the following facts, to-wit: That one hundred and sixty-eight bushels of the wheat were taken from the respondent on two writs of replevin, by the appellant, who now holds possession of the same; that the writs were never returned to the justice by whom they were issued; that the appellant, wholly failing to appear and prosecute the actions of replevin, they "were by operation of law dismissed;" that before the commencement of this action, there was, and now is pending in the District Court for Scott county, an action instituted by the respondent against the appellant and his surety, "to recover the value of said wheat so taken   *   *   by virtue of said two several writs of replevin, and for the damages sustained   *   *   by reason of the taking and conversion and detention of the said wheat so taken;   *   *   and for a breach of the condition of said two several bonds, in not appearing and prosecuting said two several actions," etc. These facts, it is insisted, entitle the respondent to an abatement of the present action, to the extent of said one hundred and sixty-eight bushels of wheat. A demurrer was interposed to this defense, and overruled. The case comes to this Court by appeal from the overruling

order. The answer set up in abatement must rest upon one of two grounds. First, it must show that there is another action pending between the same parties or their proxies in respect to the same subject matter. Now, this action is based on the theory that the wheat is the property of the appellant. The action pleaded in abatement is based on the theory that the wheat is the property of the respondent. Although the same wheat is at the bottom of the controversy in both cases, the damages which the appellant claims that he has suffered in regard to it, is an entirely different thing from the damage claimed by the respondent. The claim set up in the two actions may be totally inconsistent, but which is right, is a question to be tried. It is only necessary to say here, that the answer does not show the pendency of another action respecting the same subject matter, and so it cannot be sustained on *that* ground. The second ground upon which the answer must be upheld, if at all, is that which we understand the counsel for the respondent to refer to in his brief, where he speaks of "recoupment." Whatever there is in this ground, rests upon the provisions of Secs. 71 and 72, page 541, Pub. Stat. Sub-division 1, of Sec. 71, provides that the counter claim which a defendant is authorized to set up in his answer may be "a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action." Sec. 72 provides that if the defendant omit to set up a counter claim of this nature, "he cannot afterwards maintain an action against the plaintiff thereon." It is obvious that the cause of action in the case at bar cannot be one "*arising* out of the contract or transaction set forth in the complaint" in the action pleaded in abatement; for the taking and conversion, to recover damages for which the present action is brought, took place *prior* to, and entirely independent of the contracts entered into by the execution of the replevin bonds, as well as of the other transactions for

which the respondent claims to have instituted *his* action. Nor can the cause of action here set up by the plaintiff be said to be " connected with the subject of the action" instituted by the respondent. The subject of the respondent's action is not the *wheat*, but the breach of the replevin bonds, and an alleged taking and conversion of the wheat by the appellant. The cause of action set up in the complaint in the case at bar is an alleged taking and conversion by the respondent. Though both actions relate to the same wheat, they are not " connected." See 1 Van Sant. Pl. 564–6.

Sundry other points presented in the respondent's brief are too obviously untenable to require particular mention.

The order overruling the demurrer is reversed.